**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE LAWRENCE ORGANIZATION, : | |
| Plaintiff, : | |
| : | No. 3:08-CV-00359 |
| vs. : | |
| : | (JUDGE CAPUTO) |
| HERITAGE GORD, INC., PETER MAXWELL, Jr., THOMAS B. SMITH, and E. LORI SMITH, : | |
| Defendants. : | |

**MEMORANDUM ORDER**

Plaintiff, the Lawrence Organization, brought the present action against Defendants, all of which are alleged to be domiciled in Pennsylvania. (Compl., Doc. 1 ¶¶ 1-6.) Plaintiff, "a New Jersey partnership" with offices in New Jersey, alleged subject matter jurisdiction based on diversity of citizenship, under 28 U.S.C. § 1332, as well as supplemental jurisdiction under 28 U.S.C. § 1367. (*Id.* ¶¶ 1, 20.)

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999.) Here, the only claims brought are for breach of a lease and breach of guaranty of a lease; thus, without a requisite federal claim, Plaintiff's assertion of supplemental jurisdiction fails. Further, 28 U.S.C. § 1332 confers jurisdiction only when complete diversity exists. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267 (1806)). With the exception of corporations, the citizenship of all other artificial entities, such as partnerships, "depends on the citizenship of 'all the members,' 'the several persons composing such association,' 'each of its members.'" *Id.* at 195-96 (internal citations omitted). The Supreme Court has

therefore held that for purposes of determining jurisdiction, a partnership is a citizen not only of all the states in which its general partners are domiciled, but also of all the states in which any limited partners are domiciled.  *Id.* at 188-89, 195; *see also Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 198 n.10, 199-200 (3d Cir. 2007) (discussing *Carden*'s holding and applying it to a trust).

      Indeed, the United States District Court for the Eastern District of Pennsylvania held that diversity was not sufficiently alleged when plaintiffs, a limited partnership and its corporate general partner, alleged that "Plaintiffs and Defendants are not citizens of the same state" and attached an affidavit of the partnership's attorney attesting that no limited partner has a domicile in the defendant's state, Pennsylvania.  *Servicemaster Diversified Health Servs., Inc. v. Episcopal Hosp.*, No. 96-5902, 1997 WL 43006, at *1 (E.D. Pa. Jan. 28, 1997).  Rather, to allege diversity of jurisdiction, plaintiffs must specifically allege the citizenship of each partner, including limited partners.  *Id.*

      Because Plaintiff has not alleged the domiciles of any of its partners, it has not sufficiently alleged that this Court has subject matter jurisdiction.  This action will therefore be dismissed for lack of subject matter jurisdiction.

      ACCORDINGLY, this   29th   day of February, 2008, **IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice based on lack of subject matter jurisdiction.

                                        /s/ A. Richard Caputo  
                                        A. Richard Caputo  
                                        United States District Judge